

| | | |
|---|---|---|
| **EDWARD P. MANGANO**<br>County Executive | | **JOHN CIAMPOLI**<br>County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street, Mineola, New York 11501-4820
Tel. (516) 571-3046 / Fax (516) 571-6604

August 5, 2012

Hon. Denis R. Hurley
United States District Court
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

                Re:  <u>Tretola v. County of Nassau (08-CV-3225) (DRH)(WDW)</u>

Dear Judge Hurley:

      Defendants Nassau County and Police Officer Erik Faltings ("Defendants") respectfully submit this letter, in lieu of a formal motion, for an order disqualifying Plaintiffs' attorneys from acting as trial counsel or, in the alternative, precluding the admission into evidence of all the letters and documents authored by Plaintiffs' counsel.

      The Second Circuit has repeatedly held that disqualification shall occur where the presence of counsel at trial will taint the proceedings because counsel has become an unsworn witness whose credibility is at issue. <u>U.S. v. McKeon</u>, 738 F.2d 26, 35 (2d Cir. 1984) (disqualifying defendant's lawyer because he retained the right to argue the credibility of the defendant); <u>U.S. v. Gotti</u>, 771 F.Supp 552, 564 (E.D.N.Y. 1991), <u>aff'd sub nom.</u>, <u>U.S. v. Locascio</u>, 6 F.3d 924 (2d Cir. 1993) ("Such a taint [requiring disqualification] occurs where counsel assumes a role as an unsworn witness whose credibility is in issue"); <u>U.S. v. Kwang Fu Peng</u>, 766 F.2d 82 (2d Cir. 1985) (disqualifying defendant's counsel because of his dual roles of advocate and unsworn witness).

      Here, Plaintiffs' counsel has proposed as exhibits their own letters (<u>see</u>, e.g., Plaintiffs Exhibits 9, 10, 11, 12, 15, 16, 17, 18 and 19) asserting the falsehood of the claims against Plaintiffs. For example, Plaintiffs' Exhibit 9, a letter by Mr. Harfenist to Assistant District Attorney Lauren DeDatto, asserts the "complaining witness" issued statements that were "false" and "fabricated." Allowing Plaintiffs' attorneys to act as trial counsel while admitting such a document into evidence would improperly place counsels' credibility, and alleged or apparent personal knowledge, at issue.

  In the alternative, the Court must exclude all letters written by Plaintiffs' counsel to avoid allowing counsel to act, in effect, not merely as trial counsel, but as unsworn witnesses.

  Further, Defendants reserve all rights to object to the admission of all documents and letters authored by Plaintiffs' counsel, including but not limited to Plaintiffs' Exhibits 9, 10, 11, 12, 15, 16, 17, 18 and 19, on the independent grounds that they consist of inadmissible, self-serving hearsay and on each and every appropriate ground upon which to these documents must be precluded.

  Defendants implore the Court to grant the relief, either directly or in the alternative, which Defendants seek in this letter motion and note, with regret, that the timing, itself, of the motion is a function of Plaintiffs' belated attempts to admit improper evidence and their 11th hour exchange of the proposed exhibits.

                   Respectfully submitted,

                       /s/
                   Joseph Nocella

cc (via ECF)
Friedman, Harfenist, Kraut & Perlstein, LLP
Attorneys for Plaintiffs